IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD BLAKE COLLUM, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0512-WS-M |
| | ) |
| **UP TRUCKING SERVICES, LLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 4). The sole ground of the motion is that the notice of removal and attachments thereto fail to prove the existence of complete diversity of citizenship.

The notice of removal grounds subject matter jurisdiction in diversity of citizenship. (Doc. 1).[1] The civil cover sheet identifies the plaintiff as a citizen of Alabama, (Doc. 1-1), and the plaintiff's motion to remand takes no issue with this allegation. Instead, the plaintiff argues that the removing defendant has not adequately "proved" that the defendants are not "residents" of Alabama.

As a threshold matter, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). The defendants are a natural person and an LLC, the two members of which are natural persons.

Second, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required … only when

---

[1] Because the complaint demands damages of over $1 million, (Doc. 1 at 8-9), the amount in controversy obviously exceeds the $75,000 jurisdictional threshold.

the plaintiff contests, or the court questions, the defendant's allegation." *Id*. While *Dart Cherokee* addressed the amount in controversy element rather than the citizenship element, the same result obtains. The Supreme Court's ruling derived from Section 1446(a), which requires of the notice of removal only "a short and plain statement of the grounds for removal." As the *Dart Cherokee* Court held, "[a] statement 'short and plain' need not contain evidentiary submissions," 135 S. Ct. at 551, a conclusion as true for citizenship as for amount in controversy. *Moore v. Gladiator Events, LLC*, 2015 WL 5459625 at *4 (N.D. Tex. 2015).

Because a defendant need not present evidence in its notice of removal, and thus need not "prove" the parties' citizenship in that filing, the plaintiff's motion to remand is **denied**.[2]

DONE and ORDERED this 18th day of November, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The amended notice of removal includes an allegation that the individual defendant, and both members of the entity defendant, are all citizens of Mexico and/or Texas. (Doc. 3 at 2). The Court finds the allegation plausible, and the evidence submitted by the removing defendant, though criticized by the plaintiff, makes the allegation more than plausible. If the plaintiff nevertheless suspects that any of these individuals, at some legally relevant time, shared his Alabama citizenship, he is of course free to pursue discovery along those lines and to move for remand should his investigation support his suspicions.