IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD BLAKE COLLUM, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0512-WS-M |
| | ) |
| **UP TRUCKING SERVICES, LLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

According to the original and amended notices of removal, defendant UP Trucking, LLC ("UP Trucking") is "proceeding Pro Se in this case." (Doc. 1 at 1; Doc. 3 at 1; Doc. 5 at 1). The notice of removal and its two subsequent iterations all have been signed by "UP Trucking Services, LLC, by and through Pedro Edgar Gutierrez de Hoyos, as authorized agent for service of process, a self-represented person." (Doc. 1 at 2; Doc. 3 at 3; Doc. 5 at 4). This is not legally permissible.

"It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). "As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Id*. at 202.[1] As noted above, it appears that Mr. Gutierrez de Hoyos, who is not a party to this litigation, has attempted to represent UP Trucking. This is unacceptable, because "[t]he general rule applies even where the person seeking to represent the corporation is its president and major stockholder." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

---

[1] Thus, a limited liability company such as the defendant cannot be represented by a layman. *E.g., United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008); *Lattanzio v. Committee on Massage Therapy Accreditation*, 481 F.3d 137, 140 (2nd Cir. 2007).

"The usual course when a litigant not entitled to litigate pro se loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one, [citations omitted], and, if it fails, either to dismiss the case, [citations omitted], or enter a default judgment." *United States v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008); *accord Palazzo*, 764 F.2d at 1386 (where the corporate plaintiff was given 30 days to obtain substitute counsel but did not obtain counsel in over ten months, the trial court properly dismissed its claims for lack of proper representation).

UP Trucking is thus **ordered** to obtain licensed counsel, who is to appear on UP Trucking's behalf on or before **December 18, 2015**, failing which the Court will enter an order to show cause why default should not be entered against UP Trucking.

DONE and ORDERED this 19th day of November, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE